IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | |
|---|---|
| DAVID LANE CAMPBELL, | |
| Petitioner, | CIVIL ACTION NO.: 2:21-cv-46 |
| v. | |
| WARDEN WALTER BERRY, | |
| Respondent. | |

## ORDER AND REPORT AND RECOMMENDATION

Petitioner David Campbell ("Campbell") filed a 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus, as amended. Docs. 1, 5. Respondent filed an Answer-Response and a Motion to Dismiss, to which Campbell responded. Docs. 15, 16, 24. Campbell also filed a Motion for Evidentiary Hearing, Motion for Discovery, Motion to Transfer, and Motion to Appoint Counsel. Docs. 18, 19, 23, 24. Respondent filed Responses. Docs. 21, 23, 25, 26. Campbell filed a Brief. Doc. 27. For the reasons which follow, I **RECOMMEND** the Court **GRANT** Respondent's Motion to Dismiss, **DISMISS** Campbell's Amended Petition, **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal, and **DENY** Campbell *in forma pauperis* status on appeal and a Certificate of Appealability. I **DENY** Campbell's Motions. Docs. 18, 19, 23, 24.

## BACKGROUND

Campbell was convicted, after entry of a guilty plea, in March 2009 in Glynn County, Georgia, for murder, armed robbery, false imprisonment, theft by taking, burglary, and forgery, for which he received two sentences of life imprisonment plus 65 years. Doc. 1 at 1; Doc. 17-3

at 1. Campbell did not file a direct appeal. Doc. 16-1 at 1. Campbell did file a state application for writ of habeas corpus on June 11, 2010, and stated several grounds of ineffective assistance of counsel. Doc. 17-3. Campbell amended his application to assert another claim of ineffective assistance of counsel and a due process claim. Doc. 17-4 at 13; Doc. 17-5. After a hearing, the Lowndes County Superior Court denied Campbell's application on January 23, 2013. Doc. 17-6. Campbell filed a motion to vacate his null and void illegal sentence with the Glynn County Superior Court on April 12, 2021, and that court denied the motion on May 10, 2021. Doc. 16-1 at 2. Campbell filed a notice of appeal on May 19, 2021. Id.

In his Petition, which was executed May 17, 2021, and received by the Court on May 21, 2021, Campbell contends his trial counsel was ineffective because counsel failed to: adequately examine his psychological state during the pre-trial and sentencing phases or his competency to accept a plea; challenge the judge's relationship and knowledge of the victim in this case and impartiality; challenge the out-of-time indictment; and adequately investigate mitigating evidence. Doc. 1 at 5; Doc. 5 at 5. Campbell also levies a claim of judicial misconduct because the trial judge did not recuse herself after admitting she knew the victim. Doc. 1 at 7; Doc. 5 at 7. Campbell alleges the prosecutor obtained a conviction through the use of an out-of-time indictment and failed to reveal exculpatory evidence to his counsel. Doc. 5 at 8. In addition, Campbell states he could not enter his guilty plea voluntarily or knowingly due to his incompetency and withdrawal from his anti-psychotic medications. Id. at 10.

Respondent moves to dismiss Campbell's Petition, as amended, as untimely. Docs. 16, 16-1. Though Campbell filed a Response to the Motion to Dismiss, nothing he states is responsive to the Motion. Docs. 24, 27. Respondent's Motion is ripe and ready for review.

**DISCUSSION**

**I.     Whether Campbell's Petition Is Timely Filed**

A petitioner seeking to file a federal habeas petition has one year within which to file his petition.  28 U.S.C. § 2244(d)(1).  The statute of limitations period shall run from the latest of four possible dates:

(A)   the date on which the judgment of conviction becomes final by the conclusion of direct review or the expiration of time for seeking such review;

(B)   the date on which the impediment to filing an application by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Id.

Campbell's conviction became final at the time of his completion of the direct review process or when the time for seeking such review expired.  28 U.S.C. § 2244(d)(1)(A).  Campbell was convicted in the Glynn County Superior Court on March 9, 2009, and this judgment was filed the same date.  Doc. 17-2.  Campbell had a period of 30 days to file a notice of appeal.  O.C.G.A. § 5-6-38(a) ("A notice of appeal shall be filed within 30 days after entry of the appealable decision or judgment complained of[.]").  Campbell did not file an appeal, doc. 16-2 at 4, and thus, his conviction became final on April 8, 2009.  Because Campbell's conviction became final on April 8, 2009, he had one year from that date in which to file a timely federal habeas petition.  28 U.S.C. § 2244(d)(1).

The applicable statute of limitations is tolled during "[t]he time . . . which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); Taylor v. Williams, 528 F.3d 847, 849 (11th Cir. 2008). "[A]n application is pending as long as the ordinary state collateral review process is in continuance—i.e., until the completion of that process. In other words, until the application has achieved final resolution through the State's post-conviction procedures, by definition it remains pending." Carey v. Saffold, 536 U.S. 214, 219–20 (2002) (internal citations omitted). A petitioner should be mindful that "once a deadline has expired, there is nothing left to toll. A state court filing after the federal habeas deadline does not revive" the statute of limitations period applicable to § 2254 petitions. Sibley v. Culliver, 377 F.3d 1196, 1204 (11th Cir. 2004).

As noted above, Campbell's conviction became final on April 8, 2009. He had one year from that date, or until April 8, 2010, to file a 28 U.S.C. § 2254 petition for writ of habeas corpus or a properly filed application for state post-conviction or other collateral review. Campbell filed his state habeas corpus petition on June 11, 2010, more than a year after his conviction became final. By that time, the statute of limitations period applicable to § 2254 petitions had elapsed. Consequently, the filing of his state habeas corpus petition did not toll the federal statute of limitations. On its face, Campbell's Petition was filed untimely. However, it must now be determined whether the applicable statute of limitations period was equitably tolled.

A petitioner seeking equitable tolling must establish "he has been pursuing his rights diligently" and "some extraordinary circumstance stood in his way" which prevented him from timely filing his § 2254 petition. Lawrence v. Florida, 549 U.S. 327, 335 (2007) (citing Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). Equitable tolling is "an extraordinary remedy that

4

must be applied sparingly[,]" and a petitioner must present a "truly extreme case."  Holland v. Florida, 539 F.3d 1334, 1338 (11th Cir. 2008), *overruled on other grounds by* 560 U.S. 631 (2010).  "'The burden of establishing entitlement to this extraordinary remedy plainly rests with the petitioner.'"  Id. (quoting Drew v. Dep't of Corr., 297 F.3d 1278, 1286 (11th Cir. 2002)).

Campbell does not present any basis for equitable tolling of the statute of limitations.  To be sure, Campbell offers no reason why he waited more than a year after his state court conviction was final to file a state habeas corpus petition.  Thus, Campbell offers nothing to show he had been pursuing his rights—diligently or otherwise—and some extraordinary circumstance prevented him from filing a timely § 2254 petition or a timely application in the state courts attacking his Glynn County conviction.  "The burden of proving circumstances that justify the application of the equitable tolling doctrine rests squarely on the petitioner."  Lugo v. Sec'y, Fla. Dep't of Corr., 750 F.3d 1198, 1209 (11th Cir. 2014).  As he has failed to meet this burden, Campbell is not entitled to equitable tolling.

To the extent Campbell wishes for the Court to consider the filing of his motion to vacate in Glynn County on April 12, 2021, and the filing of an appeal of that denial as tolling events, doc. 24 at 2, 3–4, 50, the Court declines to do so.  Even if this motion and appeal were considered "properly filed," Campbell did not file this motion until well after the applicable statute of limitations expired and offers nothing showing he had been pursuing his rights diligently.  Campbell's Petition is untimely, and the Court should **GRANT** Respondent's Motion to Dismiss and **DISMISS as untimely** Campbell's § 2254 Amended Petition.

**II.      Motion for Evidentiary Hearing, Doc. 18**

Campbell makes no particularized showing through his Motion to entitlement to an evidentiary hearing.  Doc. 18.  Instead, he states an evidentiary hearing is "necessary and vital to his defense and denial would violate his [14th A]mendment rights . . . ."  Id. at 1.  Respondent opposes Campbell's Motion.  Doc. 21.

Evidentiary hearings are limited within the context of § 2254 petitions.  The relevant statute provides:

> If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that—
>
>    (A) the claim relies on—
>
>       (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
>       (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and
>
>    (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2254(e)(2).

Campbell has not shown his entitlement to an evidentiary hearing.  Campbell's assertions do not rely on any retroactively applicable law that was not available to him on previous occasions, and the factual predicates of his claims were already known to him.  The grounds Campbell advances in his Petition, as amended, do not meet the requirements of § 2254(e)(2).  In addition, the Court has sufficient filings to address Respondent's Motion to Dismiss.  Accordingly, the Court **DENIES** Campbell's Motion.

### III.   Motion for Discovery, Doc. 19

Campbell states he "has earnestly and diligently pursued to obtain a reciprocal [d]iscovery from the state after filing a request . . . in the trial court." Doc. 19 at 2. Respondent contends Campbell has not meet the good cause standard under Rule 6(a) of the Rules Governing § 2254 for the grant of discovery. Doc. 22 at 2.

"A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course." Bracy v. Gramley, 520 U.S. 899, 904 (1997). "[I]f a habeas petitioner has failed to develop the factual basis for his claims . . . as a result of his own lack of diligence, he must satisfy the stringent conditions of 28 U.S.C. § 2254(e)(2) before the district court should hold an evidentiary hearing." O'Kelley v. Warden, No. CV415-104, 2017 WL 465681, at *3 (S.D. Ga. Feb. 2, 2017) (citing Isaacs v. Head, 300 F.3d 1232, 1249 (11th Cir. 2002) ("The discovery provisions of § 2254(e)(2) only apply if the petitioner was not reasonably diligent in trying to develop the factual record while in state court.")). "'Diligence for purposes of the opening clause depends upon whether the prisoner made a reasonable attempt, in light of information available at the time, to investigate and pursue claims . . . .'" Id. (quoting Williams v. Taylor, 529 U.S. 420, 435 (2000)).

"Where a petitioner has been diligent, Rule 6(a) permits discovery upon a showing of good cause." O'Kelley, 2017 WL 465681, at *3. "In interpreting the 'good cause' portions of this rule, the Supreme Court noted that 'where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief, it is the duty of the court to provide the necessary facilities and procedures for an adequate inquiry.'" Id. (quoting Isaacs, 300 F.3d at 1248; then quoting Bracy, 520 U.S. at 908–09). "A petitioner must set forth specific allegations of fact, as opposed to

7

conclusory assertions, because Rule 6 'does not authorize fishing expeditions.'" Id. (quoting Ward v. Whitley, 21 F.3d 1355, 1367 (5th Cir. 1994)).

Even if Campbell had been diligent or shown good cause under § 2254(e)(2), he is not entitled to discovery in this case. I am recommending the Court dismiss Campbell's Petition as untimely, and there is nothing before the Court indicating discovery is necessary. Accordingly, the Court **DENIES** Campbell's Motion.

### IV.    Motion for Transfer, Doc. 23

Campbell seeks an emergency, *ex parte* order for transfer to Phillips State Prison. Doc. 23 at 1–2. He states the conditions at Baldwin State Prison, his current place of incarceration, are deplorable and have limited his ability to pursue his § 2254 Petition. Id. at 1. Respondent notes Campbell's complaints about the conditions of his confinement are not cognizable under § 2254. Doc. 26 at 2.

Claims in which petitioners challenge the circumstances of their confinement are civil rights actions, not habeas corpus actions. See, e.g., Hill v. McDonough, 547 U.S. 573, 579 (2006); Gorrell v. Hastings, 541 F. App'x 943, 945 (11th Cir. 2013). Habeas actions, in contrast, explicitly or by necessary implication, challenge a prisoner's conviction or the sentence imposed on him by a court (or under the administrative system implementing the judgment). Preiser v. Rodriguez, 411 U.S. 475, 500 (1973). For example, when a prisoner makes a claim that, if successful, could shorten or invalidate his term of imprisonment, the claim must be brought as a habeas petition, not as a civil rights claim. See, e.g., Edwards v. Balisok, 520 U.S. 641 (1997); Heck v. Humphrey, 512 U.S. 477 (1994).

Here, Campbell's conditions of confinement claims are not cognizable under § 2254. In addition, even if his claims were cognizable, his request for a transfer would have to be denied.

Prisoners do not maintain a due process interest in the place of their confinement, nor do they have a constitutional right to transfer to a particular facility. McKune v. Lile, 536 U.S. 24, 39 (2002); Olim v. Wakinekona, 461 U.S. 238, 245 (1983). For these reasons, the Court **DENIES** Campbell's Motion.

**V.      Motion to Appoint Counsel, Doc. 24**

Finally, Campbell, in passing, requests the appointment of counsel. Doc. 24 at 6, 7. Respondent opposes this Motion. Doc. 25.

Section 3006A(a)(2) of Title 18 of the United States Code provides, "Whenever . . . the court determines that the interests of justice so require, representation may be provided for any financially eligible person who . . . (B) is seeking relief under section 2241, 2254, or 2255 of title 28." Thus, the court may appoint counsel for an indigent federal habeas corpus petitioner only if the interests of justice or due process so require. Schultz v. Wainwright, 701 F.2d 900 (11th Cir. 1983); Hooks v. Wainwright, 775 F.2d 1433 (11th Cir. 1985).

Neither the interests of justice nor due process require Campbell be afforded counsel. Campbell does not identify any such circumstances in either his Petition, as amended, or this Motion. Additionally, I have denied Campbell's Motion for an evidentiary hearing. Accordingly, I **DENY** Campbell's Motion for Appointment of Counsel.

**VI.     Leave to Appeal *in Forma Pauperis* and Certificate of Appealability**

The Court should also deny Campbell leave to appeal *in forma pauperis* and a Certificate of Appealability. Though Campbell has, of course, not yet filed a notice of appeal, it would be appropriate to address these issues in the Court's order of dismissal. Pursuant to Rule 11 of the Rules Governing Section 2254 Cases, "the district court must issue or deny a certificate of appealability when it issues a final order adverse to the applicant." (emphasis supplied); see also

Fed. R. App. P. 24(a)(3) (trial court may certify appeal of party proceeding *in forma pauperis* is not taken in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies, either before or after the notice of appeal is filed, the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. County of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). Thus, a claim is frivolous and not brought in good faith if it is "without arguable merit either in law or fact." Moore v. Bargstedt, 203 F. App'x 321, 323 (11th Cir. 2006) (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001)); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Additionally, under 28 U.S.C. § 2253(c)(1), an appeal cannot be taken from a final order in a habeas proceeding unless a Certificate of Appealability is issued. A Certificate of Appealability may issue only if the applicant makes a substantial showing of a denial of a constitutional right. The decision to issue a Certificate of Appealability requires "an overview of the claims in the habeas petition and a general assessment of their merits." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). In order to obtain a Certificate of Appealability, a petitioner must show "that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Id. "Where a plain procedural bar is present and the district court is correct

to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000); see also Franklin v. Hightower, 215 F.3d 1196, 1199 (11th Cir. 2000). "This threshold inquiry does not require full consideration of the factual or legal bases adduced in support of the claims." Miller-El, 537 U.S. at 336.

Based on the above analysis of Campbell's Amended Petition and Respondent's Motion to Dismiss and applying the Certificate of Appealability standards set forth above, there are no discernable issues worthy of a certificate of appeal; therefore, the Court should **DENY** the issuance of a Certificate of Appealability. Furthermore, as there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith. Thus, the Court should likewise **DENY** Campbell *in forma pauperis* status on appeal.

## CONCLUSION

Based on the foregoing, I **RECOMMEND** the Court **GRANT** Respondent's Motion to Dismiss, **DISMISS** Campbell's Amended Petition, **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal, and **DENY** Campbell *in forma pauperis* status on appeal and a Certificate of Appealability. I **DENY** Campbell's Motions. Docs. 18, 19, 23, 24.

Any objections to this Report and Recommendation shall be filed within 14 days of today's date. Objections shall be specific and in writing. Any objection that the Magistrate Judge failed to address a contention raised in the Complaint must be included. Failure to file timely, written objections will bar any later challenge or review of the Magistrate Judge's factual findings and legal conclusions. 28 U.S.C. § 636(b)(1)(C); Harrigan v. Metro Dade Police Dep't Station #4, 977 F.3d 1185, 1192–93 (11th Cir. 2020). To be clear, a party waives all rights to

challenge the Magistrate Judge's factual findings and legal conclusions on appeal by failing to file timely, written objections. <u>Harrigan</u>, 977 F.3d at 1192–93; 11th Cir. R. 3-1. A copy of the objections must be served upon all other parties to the action.

Upon receipt of objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made herein. Objections not meeting the specificity requirement set out above will not be considered by the District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final judgment entered by or at the direction of a District Judge.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 7th day of June, 2022.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA